UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. LOUGHRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV2039 HEA |
| | ) |
| UNKNOWN BYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of James Loughridge (registration no. 360116), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.44. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $32.20, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.44, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment. Named as defendants are Unknown Byers (Sergeant, Phelps County Sheriff's Department (the "Department")), Unknown Bell (Officer, the Department), Unknown Black (same), Unknown Pallard (same), and Unknown Dowdy (same). At all times relevant to the complaint, plaintiff was detained at the Phelps County Jail (the "Jail").

Plaintiff says he was arrested on September 8, 2010, and placed in the Jail. Plaintiff alleges that he has a preexisting medical condition for which he has been fitted with a colostomy bag. Plaintiff claims that on September 20, 2010, he began bleeding into the colostomy bag and that he told defendant Black so. Plaintiff says that Black took him to the emergency room where he was treated. Plaintiff asserts that the doctor told Black that plaintiff needed to follow up with his surgeon as soon

as possible, but plaintiff maintains that Black did not relay this information to the medical staff at the Jail.

Plaintiff claims that on September 24, 2010, unnamed officers put plaintiff into a holding cell. Plaintiff asserts that these officers kept him in the cell for four days, all the while plaintiff could not eat or drink anything without vomiting. Plaintiff says that they finally took him to the emergency room after four days during which his condition deteriorated. After this episode, plaintiff was released on his own recognizance.

Plaintiff reentered the Jail on June 28, 2011. Plaintiff says that on July 22, 2011, officers took him to the emergency room because his stoma[1] was inflamed. Plaintiff was transferred from the emergency room to the University Medical Center in Columbia, Missouri, where he was admitted for three days.

Upon plaintiff's return to the Jail, defendant Byers put plaintiff in the medical watch holding cell. The following day, says plaintiff, he was placed into a holding cell that had no running water or toilet. Plaintiff says he asked defendant Bell to allow him to use the restroom so that he could empty his colostomy bag, but plaintiff claims that Bell told him to empty his bag into a hole in the floor and did not allow

---

[1] A stoma is, in plaintiff's case, the opening between his body and his colostomy bag. See Stedmans Medical Dictionary (27th ed. 2000).

plaintiff to wash his hands before or after the procedure. Plaintiff asserts that he sent a request to Byers to be placed back in medical watch and that Byers responded in writing saying plaintiff would not be allowed in medical watch during the rest of his detainment at the Jail. Plaintiff says he was finally transferred to a cell with running water on August 2, 2011.

Plaintiff claims that on August 15, 2011, he asked Bell to inform the nurse that his stoma was swollen and prolapsing, but plaintiff says Bell failed to relay the message. Plaintiff maintains that he did not see the nurse until September 2, 2011. On September 7, 2011, plaintiff was transferred to the Missouri Department of Corrections.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a

government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Pallard or Dowdy were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint rather than dismissing the case at this time. Plaintiff shall have thirty days from the date of this order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.44 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty (30) days of the date of this order. If plaintiff does file an amended complaint, the Court will submit it for review under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint or pay the initial filing fee within thirty (30) days of the date of this order, the Court will dismiss this case without prejudice.

Dated this 16th day of December, 2011.

                                          HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE