UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. LOUGHRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV2039 HEA |
| | ) |
| UNKNOWN BYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). After reviewing the amended complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.

*Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment.  Defendants are Unknown Byers (Sergeant, Phelps County Sheriff's Department (the "Department")), Unknown Bell (Officer, the Department), Unknown Black (same), and "Unknown Defendants."  Plaintiff seeks monetary and injunctive relief.

Plaintiff says he was arrested on September 8, 2010, and placed in the Jail. Plaintiff alleges that he has a preexisting medical condition for which he has been fitted with a colostomy bag.  Plaintiff claims that on September 20, 2010, he began bleeding into the colostomy bag and that he told defendant Black so.  Plaintiff says that Black took him to the emergency room where he was treated.  Plaintiff asserts that the doctor told Black that plaintiff needed to follow up with his surgeon as soon as possible, but plaintiff maintains that Black did not relay this information to the medical staff at the Jail.

Plaintiff claims that on September 24, 2010, his condition worsened to the point that he could not eat or drink anything without vomiting. Plaintiff alleges that an unknown defendant put him into a holding cell and did not tell medical staff of plaintiff's condition. Plaintiff says he spent four days in the holding cell, and plaintiff asserts that his weight dropped from 150 to 100 pounds during that time.

Plaintiff states that he told a nurse about his condition on September 28, 2010. The nurse sent plaintiff to the emergency room. Plaintiff says that when he arrived at the emergency room at Barnes-Jewish Hospital the doctor "had a tube stuck down the Plaintiff's throat to clean his stomach out because that is how bad that it was." During plaintiff's stay, a state judge released plaintiff from detention "on a medical O.R. bond."

Plaintiff reentered the Jail on June 28, 2011. Plaintiff says that on July 22, 2011, officers took him to the emergency room because his stoma[1] was inflamed. Plaintiff was transferred from the emergency room to the University Medical Center in Columbia, Missouri, where he was admitted for three days.

Upon plaintiff's return to the Jail, alleges plaintiff, defendant Byers put plaintiff in the medical watch holding cell and put plaintiff in a "black suicide suit."

---

[1] A stoma is, in plaintiff's case, the opening between his body and his colostomy bag. See Stedmans Medical Dictionary (27th ed. 2000).

The following day, says plaintiff, he was placed into a holding cell that had no running water or toilet. Plaintiff says he asked defendant Bell to allow him to use the restroom so that he could empty his colostomy bag, but plaintiff claims that Bell told him to empty his bag into a hole in the floor and did not allow plaintiff to wash his hands before or after the procedure.

Plaintiff claims that on July 30, 2011, he requested to be placed back into the general population. Plaintiff states that Byers denied his request, writing that medical watch would continue during plaintiff's detention at the facility.

Plaintiff says he was finally transferred to a cell with running water on August 2, 2011.

Plaintiff claims that on August 15, 2011, he asked Bell to inform the nurse that his stoma was swollen and prolapsing, but plaintiff says Bell failed to relay the message. Plaintiff maintains that he did not see the nurse until September 2, 2011.

Plaintiff says that on October 4, 2011, after he was transferred to the Missouri Department of Corrections, a doctor informed him that his stoma would need to be revised.

## Discussion

The complaint survives initial review as to defendants Black and Bell. As a result, the Court will direct the Clerk to serve process on these defendants.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's allegation that Byers placed him in a medical watch cell for one night in a "suicide suit" does not rise to the level of deliberate indifference. Plaintiff has not alleged that such placement was detrimental to his condition. As a result, the complaint fails to state a claim against defendant Byers.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown Defendants" to be ascertained after reasonable discovery.

These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, these defendants will be dismissed without prejudice. If plaintiff learns their identities during discovery, he may move the Court for permission to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Black and Unknown Bell.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Black and Unknown Bell shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Byers and "Unknown Defendants" because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of March, 2012.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE