UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. LOUGHRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV2039 HEA |
| ) | |
| DWAYNE BELL, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 33]. On July 25, 2013, the Court Ordered Plaintiff to respond to Defendants' Motion for Summary Judgment by August 28, 2013.[1] Plaintiff failed to respond. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff filed this § 1983 *pro se* action claiming that remaining Defendants Bell and Black violated Eighth Amendment rights based on the following allegations: Plaintiff claims that he was arrested on September 8, 2010 and was placed in the Phelps County Jail. He claims he has a preexisting medical

---

[1] The Motion was filed much earlier, however, the Court allowed Plaintiff leave to file an Amended Complaint and advised Defendants that they could renew their motion with respect to the new complaint, if applicable. Defendants did so; Plaintiff failed to respond; the Court again allowed Plaintiff leeway and gave Plaintiff until August 28, 2013 to respond.

condition for which he has been fitted with a colostomy bag.  Plaintiff alleges that on September 20, 2010, he began bleeding into the colostomy bag and that he told Defendant Black, a Phelps County Jail Officer.  Black took Plaintiff to the emergency room where he was treated.  According to Plaintiff, the doctor told Defendant Black that Plaintiff needed to follow up with his surgeon as soon as possible.  Plaintiff claims Black failed to relay this information to the medical staff at the jail.

Plaintiff further alleges that on September 24, 2010, his condition worsened, that he was placed in a holding cell by an unknown defendant who did not tell the medical staff of his condition.  Plaintiff told a nurse of his condition on September 28, 2010.  The nurse sent Plaintiff to the emergency room.  Plaintiff claims when he arrived at the emergency room at Barnes-Jewish Hospital, the doctor had a tube stuck down his throat to clean his stomach out.  Plaintiff was released from detention on a medical O.R. bond.

Plaintiff reentered the Jail on June 28, 2011. On July 22, 2011, officers took Plaintiff to the emergency room because his stoma was inflamed.  He was transferred from the E.R. to the University Medical Center in Columbia, Missouri.  Plaintiff was admitted for three days.

Plaintiff alleges that upon his return to the Jail, Defendant Byers put Plaintiff in the medical watch holding cell, and put him in a "black suicide suit." Plaintiff claims that the following day, he was placed into a holding cell that had no running water or toilet. Plaintiff alleges that he asked Defendant Bell to allow him to use the restroom so he could empty his colostomy bag, but, according to Plaintiff, Bell told him to empty the bag into a hole in the floor and did not allow Plaintiff to wash his hands before or after the procedure.

Further, Plaintiff alleges that on July 30, 2011, he requested to be placed back into the general population, but Defendant Byers denied his request. Plaintiff was transferred to a cell with running water on August 2, 2011.

Plaintiff claims that on August 15, 2011, he asked Defendant Bell to inform the nurse that his stoma was swollen and prolapsing, but Defendant Bell failed to relay the information. Plaintiff claims he did not see the nurse until September 2, 2011.

On March 26, 2012, the Court dismissed all defendants except Black and Bell.

Defendant has submitted a Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment, in which Defendant sets forth

specific references to the relevant statutes and affidavits. Plaintiff did not, despite the Court's leniency, respond to Defendants' Motion. Pursuant to this Court's Local Rule 7-4.01(E),

> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Because Plaintiff did not file an opposition to the Motion for Summary Judgment, the following facts are deemed admitted for the purposes of the motion for summary judgment.

By no later than September 21, 2010, the Phelps County Jail licensed practical nurse was advised of Plaintiff's hospital admission on September 20, 2010, his discharge from the hospital and his medical condition.

Plaintiff has been known to manipulate and/or alter his colostomy bag in order to be able to leave prison facilities to obtain medical treatment.

On July 26, 2011, Plaintiff was assigned to a temporary holding cell used for special observation and which has a built-in flush able floor septic drain.

- 4 -

Plaintiff made a telephone call on August 15, 2011.  He made a church ministry visit on August 16, 2011.

Plaintiff was moved into a different cell for protective custody on August 22, 2011.  Also on August 22, 2011, Plaintiff made a request for medical supplies but made no comments or complaints concerning a prolapse stoma or any other medical problems.  He had an attorney visit on August 25, 2011, and a court appearance on August 26, 2011.  Plaintiff took a shower on August 30, 2011.

The Phelps County Jail has an inmate grievance procedure which is included in the employee handbook distributed to new inmates.  The procedure requires inmate grievances to be filed in writing.  Plaintiff received the inmate handbook containing the procedure.  Plaintiff has never filed a written grievance with the Phelps County Jail for medical mistreatment or for any other complaint.

## Discussion

## Standard of Review

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mtns. Corp.*, 587 F.3d 891, 893 (8th Cir.2009). If a nonmoving party has failed to establish the existence of an element of that party's claim, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)" *Cole v. Homier Distributing Co., Inc.,* 2010 WL 1171741, 6 (8th Cir. 2010).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex,* 477 U.S. at 322; *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256;  *Littrell ,* 459 F.3d at 921.  "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine

when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

    Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported

by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008).   While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23.  Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)). *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

**Defendant Black**

Plaintiff's allegations against Black are merely that he took him to the Phelps County Regional Medical Center emergency room on September 20, 2010,

and took him back to the Phelps County Jail, but did not tell the nurse or doctor about his condition or what the emergency room doctor told Plaintiff to tell either of them.  The undisputed facts establish, however, that the licensed practical nurse working at the Phelps County Jail was made aware of Plaintiff's medical condition, emergency room visit and the doctor's orders.  Nurse Davis confirmed in her affidavit that she was aware of the medical condition, the E.R. visit and the doctor's orders.  Accordingly, Defendant Black cannot be held liable for Plaintiff's claim that he did not provide Plaintiff with proper medical attention and medical treatment.  The allegations are simply untrue.  Defendant Black is entitled to judgment as a matter of law.

**Defendant Bell**

Plaintiff makes a few more allegations against Defendant Bell.  With respect to July 26, 2011, Plaintiff claims that Defendant Bell told him to empty his colostomy bag into the hole in the floor and did not allow him to wash his hands.  Regardless of the fact that the "hole in the floor" was a septic system existing in the holding cell used for inmates under special observation, Plaintiff has failed to allege any injury which resulted from the septic flush or the inability to wash his hands.  Section 1997 of Title 42, United States Code, provides: "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury." Plaintiff has not claimed, nor proven a "prior physical injury." Therefore, Defendant Bell is entitled to judgment as a matter of law.

With regard to the allegations from August 15, 2011 through September 2, 2011, Plaintiff claims he advised Defendant Bell of his prolapsed stoma on August 15, 2011, and implicates that medical personnel did not know of his condition. The uncontroverted facts, however, establish that Plaintiff took showers, made telephone calls, had an attorney visit him, made a court appearance, made a church ministry visit during this time. He made a written request for medical supplies on August 22, 2011. At no time during this time period did Plaintiff make any complaints concerning his condition or the need for treatment. The facts clearly establish that Plaintiff's claim of medical mistreatment cannot survive challenge. Defendant Bell is therefore entitled to judgment as a matter of law.

## Conclusion

Plaintiff has failed to controvert Defendants' evidence that there exist no genuine issues of material fact. Defendants are therefore entitled to judgment as a matter of law. The Motion for Summary Judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 31], is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE